UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>KENNETH STURDIVANT | No. 3:24-cr-65 (SRU) |

### ORDER ON MOTION TO DISMISS COUNT ONE OF INDICTMENT

Kenneth Sturdivant ("Sturdivant") filed a motion to dismiss count one of the indictment charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Doc. No. 28. Sturdivant argues that section 922(g)(1) is unconstitutional both on its face and as applied to him. For the reasons set forth below, Sturdivant's motion to dismiss is **denied**.

### I. Background

Sturdivant was indicted on two counts: (1) unlawful possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); and (2) possession with intent to distribute fentanyl, in violation of 18 U.S.C. §§ 841(a)(l) and 841(b)(l)(C). *See* Doc. No. 1. Jury selection has not yet been conducted.

On September 6, 2024, Sturdivant filed a motion to dismiss count one of his indictment, possession of a firearm by a convicted felon. *See* Doc. No. 28.

### II. Legal Standard

Federal Rule of Criminal Procedure 12(b)(1) permits a defendant to file pretrial motions raising "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1); *United States v. Sampson*, 898 F.3d 270, 278-79 (2d Cir.

2018). "In ruling on a motion to dismiss, a court views the indictment as a whole and assumes its factual allegations to be true." *United States v. Litvak*, 2013 WL 5740891, at *2 (D. Conn. Oct. 21, 2013).

**III.    Discussion**

Sturdivant moves to dismiss count one of the indictment on the grounds that section 922(g)(1) is unconstitutional as applied to him, arguing that it "violates the Second Amendment to the Constitution because it burdens the right to keep and bear arms and is not consistent with the history and tradition of firearm regulation in the United States." Doc. No. 28 at 1. He relies on the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), which he argues requires the government to "establish an adequate historical record of felon disarmament" for this Court to uphold the constitutionality of section 922(g)(1). *Id.* at 6. Additionally, Sturdivant asserts that the Supreme Court's recent decision in *United States v. Rahimi,* 602 U.S. 680 (2024), supports his argument. *Id.* at 3.

I disagree that the government is required to prove historical tradition in the context of a challenge to Section 922(g)(1). In *Bruen*, the Supreme Court criticized the "two-step" test for analyzing Second Amendment challenges that lower courts had "coalesced around" in the years since its decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *McDonald v. Chicago,* 561 U.S. 742 (2010). *Bruen*, 597 U.S. at 17-20. In *Heller* and *McDonald*, the Court held for the first time that the Second and Fourteenth Amendments guarantee an individual right to bear arms for self-defense. *See Bruen*, 597 U.S. at 17. The *Bruen* Court described the "two-step" test as combining "history with means-ends scrutiny," and emphasized that the proper test must be "rooted in the Second Amendment's text, as informed by history." *Id.* at 17, 19. The Court set forth a new test for determining the constitutionality of firearm regulations:

> In keeping with *Heller* . . . when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

*Id.* at 17 (quoting *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n.10 (1961)).

The majority in *Bruen*, however, was careful to emphasize, at numerous points, that it was reaffirming and clarifying *Heller* and *McDonald*, not abrogating the Court's reasoning in those cases. *See, e.g.*, *Bruen*, 597 U.S. at 10 ("We too agree, and now hold, consistent with *Heller* and *McDonald*, that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home."). The Court in *Heller* was clear that the "right secured by the Second Amendment is not unlimited," and its holding should not "be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons," among other categories of presumptively constitutional prohibitions. *Heller*, 554 U.S. at 626. Six Justices authored or joined separate opinions in *Bruen* that explicitly note that *Bruen* does not disrupt *Heller*'s endorsement of laws banning felons from possessing firearms. *See Bruen*, 597 U.S. at 72 (Alito, J., concurring) ("Nor have we disturbed anything that we said in *Heller* or *McDonald* . . . about restrictions that may be imposed on the possession or carrying of guns."); 80-81 (Kavanaugh, J., joined by Roberts, C.J., concurring) (quoting the passage from *Heller* explicitly endorsing felon-in-possession laws, and stating that, "[p]roperly interpreted, the Second Amendment allows a 'variety' of gun regulations."); 129 (Breyer, J., joined by Sotomayor and Kagan, J.J., dissenting) (referring to the same passage in *Heller* and stating "I understand the Court's opinion today to cast no doubt on that aspect of *Heller's* holding.").

Moreover, the Second Circuit held in a *per curiam* opinion in the case *United States v. Bogle*, that "§ 922(g)(1) is a constitutional restriction on the Second Amendment rights of

3

convicted felons." 717 F.3d 281, 281-82 (2d Cir. 2013). Despite predating *Bruen*, *Bogle* remains good law because it does not employ any means-ends interest balancing that the Court in *Bruen* clarified was improper. *See Bruen*, 597 U.S. at 19 ("*Heller* and *McDonald* do not support applying means-end scrutiny in the Second Amendment context."). Instead, *Bogle* is a succinct opinion that relies wholly on the language of *Heller* and *McDonald*, cases that *Bruen* endorsed. *Bogle*, 717 F.3d at 281 ("[I]n both of these opinions [*Heller* and *McDonald*], the Supreme Court clearly emphasized that recent developments in Second Amendment jurisprudence should not 'be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.'").

Sturdivant argues that post-*Bruen* decisions and the holding in *United States v. Rahimi* instruct this Court to no longer rely on *Bogle*. *See* Doc. No. 28 at 12-16; Reply, Doc. No. 33 at 1-3. To support that argument, Sturdivant points to recent out-of-circuit cases abrogating decisions that rely on the language of *Heller* and *McDonald* to uphold the constitutionality of gun regulations in the aftermath of *Bruen*. *See* Doc. No. 28 at 15-16 (citing *Atkinson v. Garland*, 70 F.4th 1018, 1022-23 (7th Cir. 2023); *United States v. Duarte*, 101 F.4th 657, 661-62 (9th Cir. 2024), *reh'g en banc granted, opinion vacated*, 108 F.4th 786 (9th Cir. 2024); *United States v. Daniels*, 77 F.4th 337, 355, n.44 (5th Cir. 2023), *cert. granted, judgment vacated*, 144 S. Ct. 2707 (2024)).

None of those cases, however, obviously disturbs the precedential value of *Bogle* in this Circuit. Other courts in this district conclude the same. *See also United States v. Hairston*, 2024 WL 326667, at *7 (D. Conn. Jan. 29, 2024) ("For the reasons described above, § 922(g)(1) is a constitutional restriction on the Second Amendment rights of felons under *Bogle* and *Bruen*."); *United States v. Jakups*, 2024 WL 361428, at *2 (D. Conn. Jan. 31, 2024) ("Although the Second Circuit's decision in *Bogle* preceded the Supreme Court's decision in *Bruen*, numerous courts

have concluded that the *Bruen* did not abrogate or overrule *Bogle*.") (citation omitted); *United States v. Dancy*, 2024 WL 3715398, at *2 (D. Conn. Aug. 8, 2024) ("Where 'the Second Circuit has spoken directly to the issue presented by [a] case,' 'this Court is required to follow that decision unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit.'") (quoting *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015), *aff'd*, 854 F.3d 197 (2d Cir. 2017)); *United States v. Carter*, 2024 WL 3785366, at *3-4 (D. Conn. Aug. 13, 2024); *United States v. Gumbs*, 2024 WL 4433413, at *2 (D. Conn. Oct. 7, 2024). *Rahimi's* holding has not yet changed the outcome of courts' section 922(g)(1) analysis. *Gumbs*, 2024 WL 4433413, at *2 ("Since *Rahimi*, the handful of courts to have addressed the constitutionality of § 922(g)(1) . . . have recognized that *Rahimi*, if anything, bolsters § 922(g)(1)'s constitutionality.") (citation omitted).

Additionally, Sturdivant argues the Second Circuit's recent decision in *Antonyuk v. Chiumento* does, in fact, indicate that *Bogle's* reasoning no longer applies and necessitates reconsidering *Bogle's* holding. 89 F.4th 271, 298 (2d Cir. 2023), c*ert. granted, judgment vacated sub nom. Antonyuk v. James*, 144 S. Ct. 2709 (2024), *and reinstated in part by Antonyuk v. James*, 2023 WL 11963034 (2d Cir. Oct. 24, 2024). However, *Antonyuk* does not consider section 922(g)(1), nor does it in any way explicitly abrogate *Bogle*. Therefore, *Antonyuk* does not disturb this Court's reliance on *Bogle*.

Perhaps the Second Circuit will, in the future, reevaluate its decision in *Bogle*. *United States v. Reyes-Arzate*, 2024 WL 4554079, at *2 (2d Cir. Oct. 23, 2024) ("In light of its recent decision in *Rahimi*, the Supreme Court granted, vacated, and remanded a number of petitions for certiorari concerning the constitutionality of Section 922(g)(1). . . . Since then, at least one circuit

5

has confirmed the statute's constitutionality. . . . This Circuit, however, is still considering the question."). In the meantime, this Court remains bound under *Bogle* to hold that section 922(g)(1) is constitutional, and it is therefore unnecessary to engage in the historical analysis that *Bruen* commands to ascertain whether felon-in-possession laws unconstitutionally restrict individuals' right to bear arms.

Finally, Sturdivant argues that section 922(g)(1) is unconstitutional as applied to him, and for support cites several out-of-circuit cases that have held section 922(g) to be unconstitutional as applied to specific individuals. *See* Doc. No. 28 at 2-3; Reply, Doc. No. 33 at 10-11. An as-applied challenge to a statute's constitutionality, in contrast to a facial challenge, "requires an analysis of the facts of a particular case to determine whether the application of a statute, even one constitutional on its face, deprived the individual to whom it was applied of a protected right." *Field Day, LLC v. County of Suffolk*, 463 F.3d 167, 174 (2d Cir. 2006).

It is unclear whether as-applied challenges to Section 922(g)(1) are available to defendants after *Bruen*, because the Supreme Court recently vacated and remanded several circuit court decisions for reconsideration in light of *Rahimi*. *See United States v. Jackson*, 69 F.4th 495, 501-02 (8th Cir. 2023) (holding that Section 922(g)(1) is constitutional facially and as-applied, and concluding that, "[g]iven the[] assurances by the Supreme Court" in *Heller*, *McDonald*, and *Bruen* "and the history that supports them. . . . there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)."), *cert. granted, judgment vacated*, 144 S. Ct. 2710 (2024), *vacated*, 2024 WL 3768055 (8th Cir. Aug. 8, 2024); *Range v. Attorney General*, 69 F.4th 96, 104-06 (3d Cir. 2023) (en banc) (holding that a conviction for food-stamp fraud could not support a ban on the defendant possessing a firearm because that

6

specific application of Section 922(g)(1) had no historical analogue), *cert. granted, judgment vacated sub nom. Garland v. Range*, 144 S. Ct. 2706 (2024).

The Second Circuit has not yet addressed whether an as applied challenge is available under the Second Amendment. *Hairston*, 2024 WL 326667, at *3. Even if an as applied challenge is available to Sturdivant, he points to no particular facts to support the argument that section 922(g)(1) is unconstitutional as applied to him. *See id.* (noting the defendant failed to meaningfully analyze why section 922(g)(1) is unconstitutional only as applied to him, and not in every instance). In rejecting as applied challenges, courts in this circuit have held that prior felony convictions are sufficient to bring conduct within the purview of 922(g)(1), without needing to "draw distinctions . . . based on the underlying felony conviction." *Carter*, 2024 WL 3785366, at *4 (quoting *United States v. Crawford*, 2024 WL 1657879, at *5 (S.D.N.Y. Apr. 17, 2024)). Sturdivant fails to establish why section 922(g)(1) is unconstitutional as applied to him, an individual with a prior felony conviction, due to a lack of binding precedent and specific facts supporting his argument. His as-applied challenge therefore fails.

I conclude that section 922(g)(1) remains constitutional after *Bruen*, both facially and as applied to Sturdivant.

**IV.   Conclusion**

For the foregoing reasons, Sturdivant's motion to dismiss the indictment, doc. no. 28, is **denied**.

So ordered.

Dated at Bridgeport, Connecticut, this 7 day of January 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge